IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. _____

| | |
|---|---|
| ERWIN S. MINGO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE CITY OF MOORESVILLE, ) <br> ) <br> Defendant. ) | **COMPLAINT** <br> **(Jury Trial Demanded)** |

Plaintiff, complaining of the Defendant, alleges and says:

## I. INTRODUCTION AND JURISDICTION

1. This is an action seeking legal and equitable relief under Title VII of the Civil Rights Act of 1964, et seq. ("Title VII").

2. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1343, this being a proceeding to enforce rights and remedies secured under Title VII.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. §§ 2201 and 2202, this being an action for declaratory judgment declaring illegal the acts of Defendant complained of herein which violated rights secured to the Plaintiff by Title VII.

## II. PARTIES

4. Erwin S. Mingo is an African American male resident of Kannapolis, North Carolina.

5. Defendant, City of Mooresville, is a local governmental entity. The Mooresville Police Department is an agency of The City of Mooresville. It provides police protection and other public safety services to the citizens of Mooresville.

### III. FACTS

6. Plaintiff is an African-American individual who was employed by Defendant as a Police Officer.

7. In May, 2018, Plaintiff filed a Charge of Discrimination with the EEOC, EEOC Charge No. 430-2018-02113, complaining about race discrimination and retaliation. The Charge was closed in or about December, 2018.

8. Subsequent to Plaintiff's filing of the EEOC Charge, he was subjected to stricter scrutiny than his white co-workers or co-workers who had not filed EEOC charges. He was repeatedly subjected to drug testing in a manner that was not random.

9. Plaintiff complained about the constant drug testing to the Town's Human Resources Department in January, 2019 and explicitly stated that he believed that he was being retaliated against for having filed the previous EEOC charge.

10. On or about January 19, 2019, Plaintiff was given a written reprimand, alleging that he was unprofessional when he complained to the Human Resources Department. Plaintiff's behavior during that meeting was unprofessional.

### IV. CLAIMS FOR RELIEF

#### First Claim for Relief – Race Discrimination

11. Paragraphs 1 – 10 above are incorporated herein by reference.

2

12. Plaintiff was, like other African-American employees in the Mooresville Police Department, subjected to stricter scrutiny with respect to their work performance than their white counterparts. Plaintiff was subjected to more drug testing than his white counterparts.

13. Upon information and belief, Commanding Officers held racially biased views which found their way into the Plaintiff's work environment. Plaintiff's belief is centered around the fact that earlier in his tenure with the Department police officers were required to visit a Confederate grave and lay a wreath at a Confederate grave in Gaston County.

14. Defendant's actions constituted discrimination against the Plaintiff on the basis of his race in violation of Title VII of the Civil Rights Act of 1964.

15. Plaintiff is entitled to economic damages and compensatory damages.

## Second Cause of Action – Retaliation

16. Plaintiff realleges paragraphs 1 - 15 above.

17. Plaintiff's filing of the Charge of Discrimination in May of 2018 and complaining in January of 2019 to the Town's Human Resources Department that he believed that he was being retaliated against for filing a Charge of Discrimination with the EEOC constitutes protected activity. Plaintiff was subjected to a written reprimand and a lowered performance appraisal within a few months of having raised a claim of retaliation.

18. The written reprimand which Plaintiff received in January of 2019 was in retaliation for Plaintiff engaging in protected activity. That written reprimand was then used as a justification less than six months later to deny Plaintiff the highest rating on his performance evaluation. These actions were in retaliation for Plaintiff engaging in protected activity and but for his engaging in that protected activity, Plaintiff would not have received the written reprimand

3

and if he had not received the written reprimand, he would not have received the lowered performance evaluation.

19. Defendant's actions violate Title VII of the Civil Rights Act of 1964.

20. Plaintiff is entitled to economic damages and compensatory damages.

## V. EXHAUSTION OF REMEDIES

21. Plaintiff filed a charge of discrimination, EEOC Charge Number 430-2019-02210. The EEOC issued a Dismissal and Notice of Rights on December 23, 2021. Plaintiff is filing this action within ninety days of receipt of the Dismissal and Notice of Rights.

## VI. JURY TRIAL DEMAND

22. Plaintiff hereby demands a trial by jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the discrimination and retaliation be remedied in full and that the court, after a jury trial:

a. Declare the actions complained of herein to be illegal;

b. Issue an injunction enjoining the Defendant, its agents, employees, successors, attorneys and those acting in concert or participation with the Defendant and at its direction from engaging in the unlawful practices set forth herein and any other employment practice shown to be in violation of Title VII;

c. Award Plaintiff compensatory damages for pain and suffering and infliction of emotional distress;

d. Award Plaintiff back pay, front pay and all relief necessary to make him whole;

4

e.  Award Plaintiff his costs and expenses in this action, including reasonable attorney's fees, other litigation expenses; and

f.  Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

This 22nd day of March, 2022.

                                                 */s/ Geraldine Sumter*
Geraldine Sumter
N. C. Bar No. 11107
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone: (704) 375-8461
Facsimile: (980) 938-4867
Email: gsumter@fergusonsumter.com
Attorney for Plaintiff