THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

Civil Action No.: 5:22-cv-00032-KDB-DSC

| | |
|---|---|
| ERWIN S. MINGO,<br><br>      Plaintiff,<br><br>vs.<br><br>THE CITY OF MOORESVILLE,<br><br>      Defendant. | **CONSENT PROTECTIVE ORDER** |

This Consent Protective Order is entered pursuant to Rules 26(c) and (f) of the Federal Rules of Civil Procedure, as it appears to the Court that discovery and other exchanges and offers of information in the above-captioned action (the "Litigation") is likely to involve the disclosure of confidential information. For good cause appearing, it is hereby ORDERED that:

1. This Protective Order shall govern the designation, disclosure, and use and treatment of confidential information, documents, testimony or other tangible things produced in this action by the Plaintiff, the Defendant, and nonparties in the Litigation. This Protective Order shall govern until modified or superseded by a further order of the Court.

2. The scope of this Protective Order shall be as follows:

(a) As used in this Protective Order, the term "Discovery Material" encompasses, but is not limited to: any type of document or testimony; any taped, recorded, filmed, electronic, written, or typed material, including the originals and all marked copies, whether different from the originals by reason of any notation made on such copies or otherwise; all deposition testimony; all interrogatories, document requests, requests for admission, and subpoenas duces tecum,

including all responses thereto; and any physical objects, things, or other information gained by inspection of any tangible thing.

(b) This Protective Order shall govern any and all (i) Discovery Material and all other materials produced or given in any proceedings in the Litigation by any party to the Litigation, whether produced or given before or after entry of this Protective Order, including, but not limited to, Discovery Material produced in response to any discovery conducted by the parties; (ii) any documents, testimony, and other materials produced or given by a nonparty in the Litigation pursuant to subpoena or otherwise; and (iii) all copies, excerpts, and summaries thereof (collectively the "Material").

(c) A nonparty may invoke the protection of this Protective Order for any Material provided by it in connection with the Litigation, including, but not limited to, documents, deposition testimony and exhibits, and documents provided in response to subpoenas served on a nonparty. All confidential information of a nonparty as contained in such documents and depositions shall be protected hereunder in the same manner as the confidential information of the parties to this Protective Order as long as the nonparty agrees to be bound by this Protective Order and those subsequent amendments to this Protective Order concerning which the nonparty has received written notice and an opportunity to read and understand the terms of this Protective Order.

(d) As used in this Protective Order, the term "Confidential Material" encompasses, but is not limited to: any material, in whatever form produced or exchanged in connection with formal or informal discovery in this litigation that a party or party's attorney believes in good faith contains, reflects, or concerns its trade secrets, confidential business or commercial information, personal and private information of individuals, private customer information, information deemed

confidential by statute, or other sensitive or proprietary information which, if disclosed to third parties, such party reasonably believes would likely cause the party injury, prejudice, harm, damage, or disadvantage, or to violate applicable law.

(e) Any information or documents designated as Confidential Material under this Protective Order, including without limitation all information derived from Confidential Material and excerpts, copies, and summaries of Confidential Material, may not be used or disseminated except as provided in this Protective Order.

3. Confidential Material shall be designated by placing or affixing on such material "Confidential" or by otherwise notifying the other party of the designation in writing. A party may designate any information, document, testimony, or other tangible thing that it furnishes in connection with this litigation as Confidential Material, and therefore subject to the provisions of this Protective Order. Without limiting the foregoing, deposition testimony and/or exhibits may be designated Confidential Material either by: (a) stating on the record of the deposition that such deposition, or portion thereof; or exhibit is confidential; or (b) stating in writing served upon counsel of record that such deposition, or portion thereof, or exhibit is confidential.

4. Materials designated as Confidential Material by another party may only be copied, disclosed, discussed, or inspected, in whole or in part, only for the purposes of prosecuting or defending against claims in this litigation (and for no other purpose, including without limitation any business or competitive purpose) and, except upon further order of the Court, only by the following persons:

(a) Each party;

(b) Attorneys of record of the parties to this action and such attorneys' regularly employed office staff and temporary employees assigned to work on this action;

(c) Officers and employees of the Defendant who provide material assistance in the legal representation of the Defendant in this action;

(d) Independent experts consulted by or assisting a party in this action;

(e) A deponent in this action (during a deposition or preparation therefor), when the Confidential Information is related to the questions asked to, or the testimony of such deponent or witness, and the deponent agrees to the terms of this Confidentiality Order;

(f) The reporter transcribing a deposition where designated Confidential Information is involved;

(g) The Court and the regularly employed staff of the Court; and

(h) Any mediator or arbitrator selected with the consent of all parties or by the Court.

5. If a party believes in good faith that Material being produced contains highly sensitive Confidential Material that must be protected from disclosure to another party in this Litigation, such party may make an additional designation of Confidential Material as "Confidential – Attorneys' Eyes Only". Attorneys' Eyes Only Material shall be designated by placing or affixing on such material "Confidential – Attorneys' Eyes Only" or by otherwise notifying the other party of the designation in writing. Attorneys' Eyes Only Material shall be subject to the same protections and restrictions set forth in this Protective Order for Confidential Material, with the additional protection and restriction that such Attorneys' Eyes Only Material shall not be disclosed to a non-designating party or any officers, directors, or employees of the non-designating party. Only the persons identified in, and who comply with the requirements of, subparagraphs (b), (d), (e), (f), and (g) of Paragraph 4 of this Protective Order may have access to Attorneys' Eyes Only Material.

6. Counsel for a non-designating party may show specified Attorneys' Eyes Only

4

material to a witness in preparation for a properly noticed and scheduled deposition only if the witness complies with Paragraph 7 of this Protective Order and either: (1) counsel for the designating party has consented in writing, or (2) upon a properly filed motion under Paragraph 13 below, the Court has ordered that inspection/review of the specified Attorneys' Eyes Only material is proper.

7. Before Confidential Material is disclosed to any person pursuant to Paragraphs 4(a), 4(c), 4(d), or 4(e) of this Order, that person shall be required to read this Order in its entirety and sign a statement in the form of Exhibit A attached hereto signifying that person's agreement to abide by its terms. Copies of all such statements shall be maintained by counsel for the requesting party and shall be delivered to counsel for the opposing party upon request at the conclusion of the litigation, provided that the identities of experts or consultants, including trial or jury consultants, who have not been identified as testifying experts need not be disclosed. If any person referenced in Paragraphs 4(a), 4(c), 4(d), or 4(e) of this Order to whom disclosure of Confidential Information is desired will not agree to read this Order in its entirety and execute Exhibit A prior to such disclosure, then the party seeking such disclosure must apply to the Court for a protective order before any such disclosure is made.

8. The production or disclosure of Confidential Material pursuant to the terms of this Order by the producing party shall not waive or prejudice the right of the producing party to object to the production or admissibility of documents or information on grounds other than confidentiality in this action or on any grounds in any other action.

9. Any motion, memorandum, document, or other paper filed with the Court is presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to LCvR 6.1. A party that intends to file with the Court

pleadings or other papers containing or referring to Confidential Material, or to use or refer to the same in briefs, affidavits, or any other documents or submissions, shall take all reasonable steps to have such matter filed under seal. Any Motion to Seal shall be submitted to the Court in accordance with Section II(A)(11) of the Administrative Procedures Governing Filing and Service by Electronic Means for the U.S. District Court for the Western District of North Carolina and LCvR 6.1.

10. Subject to the rules of evidence and the terms of this Order, Confidential Material may be offered in evidence at trial, in support of any motion, or at any hearing before the Court. The Court may, on its own motion or application of a party, establish restrictions upon the use of Confidential Information at the trial of this matter.

11. The terms of this Protective Order are subject to modification, extension, or limitation as may be hereinafter agreed to by the parties in writing or as ordered by the Court, and this Protective Order is without prejudice to the right of a party to request modification or amendment of this Protective Order or additional restrictions in discovery in this action by further order of the Court. Any modifications, extensions, or limitations agreed to in writing by the parties shall be deemed effective pending approval by the Court. Nothing herein shall be deemed to waive any privilege or exemption from production that a party may assert independent of this Protective Order.

12. Access to documents or information produced by a third party pursuant to a subpoena served during the discovery period shall be considered Confidential Information from the day of their production to the day following twenty-one days after their receipt by counsel for both parties, or such shorter period as the parties may agree upon. Thereafter, access to any such document or information shall remain restricted only if counsel of record for either party has

6

Case 5:22-cv-00032-KDB-DSC   Document 11   Filed 10/31/22   Page 6 of 13

notified counsel of record for the other party that such documents or information have been designated as "Confidential" in accordance with the designation standards set forth previously in this Protective Order. Documents designated "Confidential" under this Paragraph may be disclosed only to those persons and under those conditions set forth in this Protective Order.

13. With respect to any Confidential Material covered by this Protective Order, a party may at any time serve upon counsel for the producing party a written notice of objection to the materials designated as "Confidential." The producer or originator of the materials shall, within twenty-one days of receipt of such notice, review the designated material sought to be reclassified, and promptly notify the other party in writing whether or not it will agree to the reclassification requested and, if not, whether it will agree to reclassify a redacted copy. For the purposes of this Protective Order, a facsimile or email transmission shall be deemed to have been received by the producer or originator of the materials upon completion of the transmission of the same to that party's counsel of record. If no agreement can be reached, the requesting party may apply to the Court for an order that the information or documents so designated are not entitled to such status and protection. The designating party shall be given notice of the application and an opportunity to respond. In the event of such application, to maintain the status of the information or documents as Confidential Material under this Protective Order, the proponent of confidentiality must show there is good cause for the information or documents to have such designated protection. Failure to object to a designation under this Protective Order, or the absence of an objection to any such designation, shall not constitute an admission that any documents or materials so designated are, constitute, or contain Confidential Material.

14. Nothing contained in this Protective Order shall limit, expand, or otherwise affect the rights, obligations, or liabilities of any party concerning any information or document that

such party has obtained, relinquished, or lost through means other than the discovery in this case referenced herein. For the purposes of the substantive claims in this litigation, nothing in this Protective Order shall be used to define or determine whether any document or information constitutes a trade secret or confidential information or is otherwise a protected asset.

15. In the event that Confidential Material is produced without designating such documents or information "Confidential" prior to or contemporaneous with the production or disclosure of such documents or information, the party seeking such designation shall properly designate such documents or information as "Confidential," and the other parties shall be thereafter bound by such designations pursuant to the terms of this Protective Order. However, no party shall be deemed to be in breach of this Protective Order by reason of any use or disclosure of such Confidential Information that occurred prior to notification of the correct designation. Production of such documents or information in this case without designation as "Confidential" shall not be deemed a waiver, in whole or in part, of any party's claim to confidentiality of such documents or information, either as to the specific information disclosed or as to any other information relating to the subject matter of the information disclosed.

16. At the conclusion of this litigation, copies of confidential documents will be retained by counsel in accordance with the Rules of the North Carolina State Bar. Following the required period of retention, all parties shall within thirty days return to the producing party all materials marked "Confidential" (and any copies thereof) or destroy them.

17. If requested, counsel for each party shall furnish a certificate of compliance that all confidential materials produced to the party, as well as all summaries, excerpts or copies of such materials, have been returned or destroyed. Notwithstanding anything to the contrary stated above, no party shall be obligated to return or destroy Confidential Information that was attached

8

Case 5:22-cv-00032-KDB-DSC   Document 11   Filed 10/31/22   Page 8 of 13

to or incorporated into a filing, made an exhibit, or incorporated into a written discovery response.

18. If a party receives a subpoena from a nonparty to this Protective Order seeking production or other disclosure of Confidential Material, that party shall promptly notify the party that designated such information Confidential Material, if possible within a period of time sufficient for such designating party to object to such production. Unless sooner required by the terms of the subpoena, a party shall not produce any information designated as confidential under this Protective Order until such time as the designating party has had an opportunity to object or otherwise respond to the subpoena.

19. The parties stipulate that this Court shall retain jurisdiction over them and any person to whom Confidential Information is disclosed to the extent necessary to enforce the terms of this Protective Order.

20. Subject to Paragraph 18 of this Protective Order, if a party desires to disclose Confidential Material to any persons not listed in Paragraph 4 of this Order, counsel for the party shall give written notice by United States mail and facsimile or email communication to counsel for the opposing party of the intention to make such disclosure and describing with reasonable particularity the Confidential Material that is to be included in such disclosure. The opposing party shall have twenty-one days following service of such notice to file any objections and motion for protective order prohibiting such disclosure. No disclosure shall be made until (i) after the expiration of the twenty-one day period for objections as set forth above where the opposing party has failed to file objections and move for a protective order, or (ii) the issue has been resolved by the Court, or by agreement of the parties, where the opposing party has timely filed objections and moved for a protective order as set forth above.

21. Each person who receives Confidential Material designated in this action submits

himself or herself to the personal jurisdiction of the Court, wherever he or she shall be found, solely for the purposes of the enforcement of this Order.

22. This Order is concerned only with procedures for the disclosure and use of Confidential Information during the pretrial stages of this action.

23. This Order shall not preclude any party from applying to the Court for relief from any provision hereof, or from asserting that certain Confidential Material should receive different, greater, or lesser confidentiality protection than that provided herein. The parties may modify this Order at any time by an agreement in writing, signed by counsel for the parties. Any such modification shall be put in the form of an order modifying this Order and shall become effective upon the date on which it is entered by the Court. In addition, either party may move for an order modifying this Order upon good cause shown. Prior to any such application, the party seeking to modify this Order will meet with any other party to attempt to reach an agreement with respect to such modification.

24. The restrictions on disclosure or use of materials designated "Confidential" or "Confidential – Attorneys' Eyes Only" set forth in this Order shall not apply to any such information to the extent that it:

(a) Was known to the requesting party, or in the case of documents, was properly in the possession of the requesting party, at the time of its disclosure by the producing party, and can be demonstrated as such, provided that the status of such material or documents under any other agreement shall not be affected; or

(b) Is now, or later becomes available to the public or the party through means other than disclosure which violates this Order.

25. No reference may be made at trial to this Protective Order, except by Order of the

Court, and no inference or argument may be drawn from its entry or terms with regard to the trial (or hearing or other proceeding) on the merits of any issue in this action.

26. During the pendency of this Order, the parties agree to fully abide by the terms of this Order as if it had been executed by the Court and submit themselves to the jurisdiction of the Court for purposes of enforcement of the Order. Any Confidential Material produced by any party during the pendency of this Order shall receive full protection under this Order at all times, as if it had been produced following the execution of this Order by the Court.

27. The ultimate disposition of materials protected under this Order is subject to a final Order of the Court on the completion of the Litigation.

**SO ORDERED**.

Signed: October 31, 2022

_____
David S. Cayer
United States Magistrate Judge

WE CONSENT:

| | |
|---|---|
| s/ C. Grainger Pierce, Jr. | s/ Geraldine Sumter |
| C. Grainger Pierce, Jr., N.C. Bar No. 27305 | Geraldine Sumter, N.C. Bar No. 11107 |
| VAN HOY, REUTLINGER, ADAMS & PIERCE, PLLC | FERGUSON CHAMBERS & SUMTER, P.A. |
| 737 East Boulevard | 309 East Morehead Street, Suite 110 |
| Charlotte, NC  28203 | Charlotte, NC  28202 |
| Telephone: (704) 375-6022 | Telephone: (704) 375-8461 |
| Facsimile: (704) 375-6024 | Facsimile: (980) 938-4867 |
| E-mail: grainger.pierce@vraplaw.com | E-mail: gsumter@fergusonsumter.com |
| Attorney for Defendant | Attorney for Plaintiff |

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

Civil Action No.: 5:22-cv-00032-KDB-DSC

| | |
|---|---|
| ERWIN S. MINGO,<br><br>    Plaintiff,<br><br>vs.<br><br>THE CITY OF MOORESVILLE,<br><br>    Defendant. | **ACKNOWLEDGEMENT OF<br>CONSENT PROTECTIVE ORDER** |

    I have read the Consent Protective Order (the "Protective Order") concerning the confidentiality of information in the above-captioned litigation. I understand that the Protective Order is a Court Order designed to preserve the confidentiality of certain designated documents and information contained therein. I also understand that the Protective Order restricts the use, disclosure, and retention of such designated documents and information contained therein, and it also requires the safeguarding and destruction of the designated documents and other materials containing confidential information.

    I agree to comply with all provisions of the Protective Order. I also hereby submit myself to the jurisdiction of the Court solely for the purpose of enforcement of any provision of the Protective Order.

    This the ____ day of _____, 202__.

    Signature: _____

    Name: _____

    Address: _____

13